**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHELDON CRAIG JACKSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 05-1427** |
| | : | |
| **LOUIS S. FOLINO, <u>et al.</u>** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Kauffman, J.**                                                            **February 12,  2007**

        Now before the Court is the petition of Sheldon Craig Jackson ("Petitioner") for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated in State Correctional

Institution Greene in Waynesburg, Pennsylvania.  For the reasons that follow, the Petition will be

denied.

**I.        Background**

        On June 15, 2004, Petitioner pled nolo contendere to charges of attempted sexual assault

and corrupting the morals of a minor, and was sentenced to an aggregate term of incarceration of

six to twelve years.  Petitioner did not pursue a direct appeal after he was convicted and

sentenced.  On August 12, 2004, he filed a petition with the Philadelphia Court of Common Pleas

seeking relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A. § 9541 <u>et seq.</u>

("PCRA").  On March 25, 2005, prior to the resolution of his PCRA petition, Petitioner also filed

the instant federal petition for habeas corpus.

        This Court designated United States Magistrate Judge Diane M. Welsh to submit a

Report and Recommendation on the Petition.  <u>See</u> 28 U.S.C. § 6369(b)(1)(B); Local R. Civ. P.

72.1(I)(b).  In her original Report, issued on August 8, 2005, Magistrate Judge Welsh

recommended that the petition be denied without prejudice because Petitioner, whose PCRA petition was still pending, had clearly failed to exhaust his state remedies. After Magistrate Judge Welsh issued her Report, but prior to this Court's consideration of the matter, Petitioner's PCRA petition was denied by the Philadelphia Court of Common Pleas and Petitioner did not appeal. Because the Magistrate Judge's Report and Recommendation was issued prior to the conclusion of Petitioner's PCRA proceedings, the Court will review this action de novo.

## II.     Analysis

Petitioner argues in his Petition that his trial counsel was ineffective because he failed to file a motion to dismiss the charges against him based upon the violation of his right to a speedy trial, as guaranteed by Rule 600 of the Pennsylvania Rules of Criminal Procedure. Respondents argue that Petitioner is barred from raising this claim in federal court because he never exhausted it in state court. Respondents further argue that, because Petitioner has forfeited the opportunity to further litigate his claims in state court, he is also procedurally barred from raising them in federal court.

A state prisoner must first present all federal claims to the state courts before a district court may reach them on federal habeas corpus review. 28 U.S.C. § 2254(b)-(c); O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999). To comply with this requirement, a petitioner generally is required to give the state courts a "full and fair opportunity" to address the merits. Id. at 844. A "full and fair opportunity" means presenting the issue in a manner that puts the state court on notice that the claim is being pursued so that the state court has a chance to resolve that claim.

Procedural default occurs where a petitioner fails to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims

procedurally barred.  Coleman v. Thompson, 501 U.S. 722, 735 (1990); Whitney v. Horn, 280 F.3d 240, 252 (3d Cir. 2002).  To overcome procedural default in these circumstances, a petitioner must show either cause for the default and actual prejudice as a result of the alleged error or a fundamental miscarriage of justice if the claim is not considered.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Petitioner raised his ineffective assistance of counsel claim, for the first time, in his PCRA petition to the Philadelphia Court of Common Pleas.  Geoffrey V. Seay, Esquire, was appointed by the Court of Common Pleas to represent Petitioner, but upon review of the record, he concluded that there were no issues of arguable merit and requested withdrawal from the case. After independently reviewing the record, the Honorable Eugene J. Maier dismissed the petition and permitted Seay to withdraw on February 23, 2006.  Petitioner did not appeal.

As a result of Petitioner's failure to appeal the dismissal of his PCRA petition, the instant Petition, which raises the same claim, is procedurally defaulted.  As stated above, a petitioner is generally required to exhaust his state remedies by giving the state courts a "full and fair opportunity" to address the merits of his claims.  As the United States Supreme Court has explained, the full and fair presentation doctrine requires petitioners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845; Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) ("All claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts."), cert. denied, 531 U.S. 1082 (2001).  Under this holding, "the state appellate courts must reach the merits of the federal claim at some point, after which, in Pennsylvania, the state

Supreme Court's denial of discretionary review can be sufficient to preserve the federal claim."
Marra v. Larkins, 46 Fed. Appx. 83, 92 (3d Cir. 2002).

 In this case, Petitioner failed to raise his ineffective assistance of counsel claim with the proper state appellate court, the Pennsylvania Superior Court, either on direct appeal or after the denial of his PCRA petition.  Accordingly, he has failed to exhaust his state remedies. Furthermore, Petitioner has no further available remedy for the litigation of his claim in the state court system because the PCRA's statute of limitations prevents any further collateral attacks on his conviction.  Accordingly, his claim is not only unexhausted, it is procedurally barred.  See Coleman v. Thompson, 501 U.S. 722, n.1 (1991).

 While the Court finds that Petitioner's claim is defaulted, a procedural default may be excused upon a showing of both "cause" and "prejudice" resulting from the alleged error.  See Sanchez-Llamas v. Oregon, 126 S.Ct. 2669, 2682 (2006); House v. Bell, 126 S.Ct. 2064, 2076 (2006).  Even assuming arguendo that Petitioner could show cause for his procedural default, he cannot demonstrate prejudice.  To establish prejudice, he must show "that [the alleged errors] worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982).  Here, even if Petitioner's counsel had timely filed a motion to dismiss the indictment, the motion would have been denied.  Under Pennsylvania Rule of Criminal Procedure 600, a criminal defendant may have the charges against him dismissed only after the expiration of 365 days.  Pa. R.Crim. P. 600(G).  Petitioner, was arrested on October 6, 2003 and pled guilty on June 15, 2004, well short of the required 365 days.

 Finally, a federal court may hear a defaulted claim if the petitioner meets the stringent

4

burden of demonstrating that "the constitutional violations he alleges have probably resulted in the conviction of one who is actually innocent, such that a federal court's refusal to hear the defaulted claims would be a 'miscarriage of justice.'"  House, 126 S.Ct. at 2087, citing Schlup v. Delo, 513 U.S. 298, 326 (1995).  A petitioner asserting such a claim must establish that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Schlup, 513 U.S. at 327.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Id. at 324.  Because Petitioner has not come forward with any new evidence, his procedural default cannot be excused by a claim of actual innocence.

## III.    Conclusion

Petitioner's claim is procedurally defaulted and will be dismissed.  Because Petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHELDON CRAIG JACKSON | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 05-1427 |
| LOUIS S. FOLINO, <u>et al.</u> | : | |
| | : | |

AND NOW, this    12th     day of February, 2007, for the reasons set forth in the

accompanying Memorandum, it is **ORDERED** that:

1.      The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is

   **DENIED** and **DISMISSED**;

2.      Because there is no probable cause to issue a certificate of appealability, a

   certificate of appealability shall not issue.

                         **BY THE COURT:**


_____        **/s/ Bruce W. Kauffman**
                         **BRUCE W. KAUFFMAN,  J.**

6